# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL NO. 1:11CV285-MR-DSC

| | |
|---|---|
| **TAMMY JO BARNES,** )<br>Plaintiff, )<br> )<br>vs. )<br> )<br>**MICHAEL J. ASTRUE,** )<br>**Commissioner of Social** )<br>**Security Administration,** )<br>Defendant. )<br> ) | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Judgment on the Pleadings" (document #13) and "Memorandum in Support ..." (document #14) both filed April 20, 2012; and Defendant's "Motion for Summary Judgment" (document #15) and "Memorandum in Support... " (document #16), both filed June 19, 2012. On July 3, 2012, Plaintiff filed a "Response to Defendant's Memorandum ..." (document #17).

On September 10, 2012, this case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and these Motions are ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Judgment on the Pleadings be denied; that Defendant's Motion for Summary Judgment be granted; and that the Commissioner's decision be affirmed.

## I. PROCEDURAL HISTORY

Plaintiff filed her application for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") on May 20, 2009, alleging that she became disabled on April 17, 2009. (Tr. 102-110). Plaintiff's application was denied initially and on reconsideration. A hearing was

held on April 15, 2011. (Tr. 26-47).

On May 3, 2011, the Administrative Law Judge ("ALJ") issued a decision denying Plaintiff benefits. (Tr. 11-25). The ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. The ALJ also found that Plaintiff suffered from history of peripheral vascular disease status post aortobiiliac bypass graft surgery, Chron's disease, gastroesophageal reflux disease, diabetes mellitus, respiratory impairment, visual impairment, depression, anxiety, and post traumatic stress disorder. (Tr. 16). The ALJ found that these were severe impairments within the meaning of the regulations, but did not meet or equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1. The ALJ determined that Plaintiff retained the Residual Functional Capacity ("RFC")[1] to:

> perform light work[2] ... which does not involve concentrated exposure to pulmonary irritants and which requires fine visual acuity. Due to her mental impairments, the claimant is able to perform simple, routing, repetitive tasks; able to adapt to gradual and infrequent changes in the work setting; and able to maintain concentration and persistence for simple, routine, repetitive tasks, but is limited to work that required no more than occasional interaction with the public.

(Tr. 22). The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that her testimony regarding their severity was not credible (Tr. 23).[3]

---

[1] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

[2] "Light work involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

[3] Defendant devoted a portion of his brief to the ALJ's credibility analysis. Although Plaintiff has not challenged that analysis on appeal, the undersigned finds that for the reasons stated by Defendant, the ALJ's credibility

2

The ALJ then determined that Plaintiff could not perform any of her past relevant work as a deli worker, cook, or apartment leasing agent. (Tr. 23).

The ALJ relied upon the Medical-Vocational Guidelines and the testimony of a vocational expert ("V.E.") to conclude that Plaintiff could have performed other work existing in the national economy. (Tr. 24). The ALJ finally concluded that Plaintiff was not disabled within the meaning of the Social Security Act (Tr. 25).

By notice dated August 26, 2011, the Appeals Council denied Plaintiff's request for further administrative review.

Plaintiff filed the present action on October 27, 2011. Plaintiff argues that the ALJ erred in assessing her RFC because he did not consider the effects of her obesity, her need for supplemental oxygen, or the effects of her medication. See Plaintiff's "Memorandum ..." at 1, 10-12 (document #14). The parties' cross dispositive Motions are ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971), and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

---

determination was supported by substantial evidence.

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION OF CLAIM

The question before the ALJ was whether the Plaintiff became "disabled" as that term of art is defined for Social Security purposes.[4] Plaintiff contends that the ALJ erred by not considering

---

[4]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .

4

the effects of her obesity in assessing her RFC. (Pl's Mem. 10-11). Social Security Regulation 02-1p instructs decision makers to consider the impact of obesity throughout the sequential evaluation process. SSR 02-1p, available at 2010 WL 628049 (Sept. 12, 2002).

At the time of the hearing, Plaintiff was five feet tall and weighed one hundred and ninety-two pounds. Plaintiff has not asserted that her weight caused any functional limitations or in any way contributed to her alleged disability. (Tr. 27-44, 124). No medical provider has ever treated Plaintiff for obesity. The record does not establish any functional limitations caused by her obesity that are not accounted for in the assessed RFC. See Gann v. Astrue, No. 09-355, 2010 WL 3811942, at *11 (W.D.N.C. Sept. 1, 2010) (rec. dec. aff'd Sept. 27, 2010) (noting in the context of obesity and the proper application of SSR 02-1p, "[i]t cannot, therefore, be error for the ALJ to not consider an impairment that did not exist, was not diagnosed, and was not complained of to doctors or the administration.")

Assuming arguendo that the ALJ erred by not finding Plaintiff's obesity to be a medically determinable and severe impairment, Plaintiff still fails to explain why she is entitled to remand. Plaintiff has the burden of showing that the ALJ failed to address evidence in the record indicating limitations resulting from her obesity. Cosom v. Astrue, No. 11-294, 2012 WL 1898921, at *4 (W.D.N.C. Feb. 23, 2012)(rec. dec. aff'd May 24, 2012). Id. In Cosom, the Court stated

> There is simply no information in the case record that reflects any functional limitations due to plaintiff's obesity or any other impairment beyond those found by the ALJ. While Plaintiff's physician's noted his weight, no medical source found that he had any work limitations due to his obesity beyond those noted by the ALJ. Plaintiff points to nothing in the record indicating any limitations stemming from his obesity.

Id.

---

Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

Plaintiff states that her body mass index ("BMI") places her in class II obesity. (Pl's Mem. at 10). In Gann, the Court found that an individual's BMI level does not correlate with any specific degree of functional loss. Gann, 2010 WL 3811942, at *11, citing SSR 02-1p. Plaintiff also argues that she suffers from leg pain that made it difficult for her to walk from the parking lot to the hearing office and makes grocery shopping difficult. (Pl's Mem. 10-11, citing Tr. 40 & 174). The record reflects that Plaintiff attributed her leg pain to a back problem, and not to her obesity. (Tr. 39-40). Plaintiff fails to explain why a limitation to light work does not adequately account for any limitations resulting from her obesity.

Plaintiff also argues that the ALJ did not consider the impact of her need for oxygen on her RFC. (Pl's Mem. at 11-12). Plaintiff was prescribed supplemental oxygen in July 2009 (Tr. 371-81). She was to use oxygen only at night to assist with snoring, morning headaches, and daytime fatigue. (Tr. 375). Plaintiff does not specify any work-related limitations resulting from her oxygen use that the ALJ failed to consider. The ALJ's RFC adequately accounted for Plaintiff's respiratory difficulties. The ALJ limits Plaintiff to work "which does not involve concentrated exposure to pulmonary irritants" (Tr. 22, Finding 5). This is consistent with the opinion of the only medical expert who considered the functional impact of Plaintiff's breathing difficulties. (Tr. 558 and 561) (documenting that Dr. Drummond reviewed evidence of Plaintiff's need for supplemental oxygen since July 9, 2009, and limited her to no concentrated exposure to pulmonary irritants). Plaintiff fails to cite to any medical evidence supporting any additional limitations.

After Plaintiff was prescribed supplemental oxygen, she rarely reported any respiratory difficulties. Objective exams of her lungs have regularly yielded normal results. (Tr. 485, 500, 509, 513, 581, 586, 591, 638, 639, 642). The ALJ drew a permissible inference from the fact that Plaintiff continues to smoke despite alleging that she is disabled in part by respiratory problems.

(Tr. 23). Plaintiff's treating sources implored her to stop smoking if she wanted her condition to improve. (Tr. 595, 599).

Plaintiff also argues that the ALJ erred in failing to consider the side effects of her medications (Pl's Mem. at 12). The Fourth Circuit had held that side effects from medication are not disabling unless the treatment notes corroborate serious functional limitations. Johnson v. Barnhart, 434 F.3d 650, 658 (4th Cir. 2005). Plaintiff has not shown that her treatment records document "serious functional limitations" stemming from her medications.

A claimant's daily activities can refute alleged disabling side effects from medication. Id. The ALJ noted that:

> In describing her activities of daily living, the claimant reported that she drove, washed dishes, prepared soup and sandwiches, loaded laundry, read, did housework, watched television, wrote, played with her grandson, talked with friends on the phone, and grocery shopped. The undersigned notes that these activities do not indicate debilitating or disabling pain or symptoms.

(Tr. 23). These activities suggest that any side effects Plaintiff experiences from her medication are not disabling. Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986) (pattern of claimant's daily activity, which included cooking, washing dishes and generally taking care of house, suggested that he was not disabled from working).

Although the medical records establish that the Plaintiff experienced symptoms and mental and emotional difficulties to some extent or degree, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976). Moreover, the facts found by the ALJ clearly support the ultimate conclusion that Plaintiff suffered from her combination of impairments, but was not disabled.

Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether

7

a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles v. Shalala, 29 F.3d 918, 923 (4th Cir. 1994)(citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). This is precisely such a case, as it contains substantial evidence to support the ALJ's treatment of the medical records, Plaintiff's RFC and the ultimate determination that Plaintiff was not disabled.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Judgment on the Pleadings" (document #13) be **DENIED**; that Defendant's "Motion for Summary Judgment" (document #15) be **GRANTED**; and that the Commissioner's determination be **AFFIRMED**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel

8

for the parties; <u>and to the Honorable Martin Reidinger</u>.

        **SO RECOMMENDED AND ORDERED**.

                                        Signed: October 15, 2012

                                        David S. Cayer
                                        United States Magistrate Judge