IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:11cv285

| | |
|---|---|
| TAMMY JO BARNES, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTURE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Judgment on the Pleadings [Doc. 13] and the Defendant's Motion for Summary Judgment [Doc. 15].

Pursuant to 28 U.S.C. §636(b) and a specific Order of referral of this Court, the Honorable David S. Cayer, United States Magistrate Judge, was designated to consider these pending motions and to submit to this Court a recommendation for their disposition. On October 16, 2012, the Magistrate Judge filed a Memorandum and Recommendation [Doc. 18] in this case containing proposed conclusions of law in support of a recommendation regarding the parties' Motions. The parties were advised of the time within which any objections to the Magistrate Judge's Memorandum and

Recommendation were to be filed. The Plaintiff timely filed her Objections to the Memorandum and Recommendation. [Doc. 19].

## PROCEDURAL HISTORY

The Plaintiff does not lodge any objections to the Magistrate Judge's statement of the procedural and factual Background, Standard of Review, or Discussion of the sequential evaluation process. She also does not object to the Magistrate Judge's discussion concerning the Administrative Law Judge's (ALJ) treatment of her alleged obesity, credibility and the side effects of her medications.

Having conducted a careful review of these portions of the Memorandum and Recommendation, the Court finds that the Magistrate Judge's treatment thereof is correct and supported by the record.

## STANDARD OF REVIEW

This Court has statutory authority to assign pending dispositive pretrial matters to a Magistrate Judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that the Court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court is not required to

2

review under a *de novo* standard the proposed factual findings or legal conclusions of the Magistrate Judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Similarly, *de novo* review is not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

## DISCUSSION

The Plaintiff assigned as error the failure of the ALJ to consider the fact that "she would need to have her oxygen tank with her during an 8 hour workday" as a significant work related limitation of function. [Doc. 19 at 1]. The Plaintiff claims that the ALJ limited his consideration to her inability to be exposed to respiratory irritants without considering the limitations that her need for supplemental oxygen has on her ability to engage in light work. [Id. at 2].

The Magistrate Judge did not find that the ALJ ignored the Plaintiff's need for supplemental oxygen. Instead, he noted that the record disclosed that her prescription for oxygen was limited "to use ... only at night to assist with snoring, morning headaches and daytime fatigue." [Doc. 18 at 6].

3

Indeed, the Magistrate Judge found that the only medical expert who considered the functional impact of the Plaintiff's breathing difficulties found her need for supplemental oxygen to be limited as above noted. [Id.]. That medical expert also limited her exposure to pulmonary irritants, a not surprising limitation in view of the fact that the Plaintiff continues to be a smoker. [Id.]. The Plaintiff's objection that the ALJ failed to consider her need to "walk around 6 hours per day with an oxygen tank" is not supported by the record, as no such need was reported. [Doc. 19 at 2]. The Plaintiff has not objected to the Magistrate Judge's finding that the only medical expert who considered the functional impact of her breathing difficulties did not prescribe use of oxygen at any time other than at night. This Objection is thus rejected.

The Court therefore accepts the Magistrate Judge's recommendation that the Commissioner's decision should be affirmed.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Objections [Doc. 19] are hereby **REJECTED**, and the Magistrate Judge's Memorandum and Recommendation [Doc. 18] is hereby **ADOPTED**.

**IT IS FURTHER ORDERED** that the Defendant's Motion for Summary Judgment [Doc. 15] is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Judgment on the Pleadings [Doc. 13] is hereby **DENIED.**

**IT IS FURTHER ORDERED** that the decision of the Commissioner is **AFFIRMED** and this case is hereby **DISMISSED**.

The Clerk of Court is instructed to enter Judgment.

Signed: November 6, 2012

Martin Reidinger
United States District Judge